**SO ORDERED.**

**SIGNED March 29, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

KENNETH G. MCMANUS
PATSY K. MCMANUS                          CASE NO. 05-21877

    Debtors                               CHAPTER 7
-----------------------------------------------------------------
                         MEMORANDUM RULING
-----------------------------------------------------------------

Kenneth G. McManus and Patsy K. McManus ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on October 15, 2005. Rudy O. Young ("Trustee") is the duly qualified and appointed chapter 7 trustee. The Trustee has filed an **OBJECTION TO CLAIMED EXEMPTION**. ("Objection").

In their amended schedules, the Debtors have claimed the homestead exemption with respect to Lots 5 and 6 of Block 2,

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

Merwood Park Subdivision, Calcasieu Parish, Louisiana. The Trustee has objected to the claimed exemption on the basis that the Debtors' residence is only located on one of the lots, Lot 5. The Debtors argue that a portion of their homestead, namely 7 feet of their driveway, extends onto Lot 6, which adjoins Lot 5. A hearing on the Objection was held on January 5, 2006. After hearing testimony and argument of counsel, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW AND ANALYSIS

Louisiana is an "opt out" state as its legislature, pursuant to the authority of section 522(b), determined that persons filing for bankruptcy in Louisiana should be entitled to claim only those exemptions permitted by state and non-bankruptcy federal law. LSA-

R.S. 13:3881(B). Further, the United States Supreme Court has held that in cases involving exemptions in opt out states, the law of the state determines the scope of the exemption. Owen v. Owen, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835 (1991) ("Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all.")

Article XII, Section 9, of the Louisiana Constitution provides for the legislature to enact laws relating to the homestead exemption:

> The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law.

In response to this directive, the Louisiana legislature did in fact provide for homestead exemptions. The current iteration of the homestead exemption is contained in LSA-R.S. 20:1, which provides in relevant part:

> A. (1) The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.
>
> (2) The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This

exemption extends to twenty-five thousand dollars in value of the homestead . . . .

* * *

As in every case involving statutory interpretation, the court's analysis must begin with the statute itself. In <u>United States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 241-2, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the United States Supreme Court said:

> The task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself. <u>Landreth Timber Co. v. Landreth</u>, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." <u>Caminetti v. United States</u>, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

* * *

> The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

In the instant case, the discrete issue is whether the Debtors are entitled to claim Lot 6 in addition to Lot 5 as exempt under the above-quoted Louisiana statutes. LSA-R.S. 20:1(A)(1) clearly provides that Lot 5 is exempt as the Debtors' residence is situated on that lot. The Trustee concedes this point, but contends that

Page 4

the attempt to include Lot 6 exceeds the statutory authority. The court disagrees as the statute clearly provides otherwise. By definition, the homestead not only includes the land on which the residence is located, but extends to "any contiguous tracts" up to 5 or 200 acres depending upon whether the land is located in urban or rural areas, respectively. Lots 5 and 6 are clearly less than 5 acres.

The court need not go further in its analysis. There is no necessity to determine if that portion of the driveway extending onto Lot 6 is an "appurtenance" within the meaning of LSA-R.S.20:1. Nor is it necessary for the court to delve into the area of those cases which declare the "liberality" with which exemptions are allowed. In this case, the statute says what it says, and no further exercise is needed.

For the foregoing reasons, the Objection is **OVERRULED.**

**IT IS SO ORDERED.**

**###**